UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**MALIBU MEDIA, LLC,**

        **Plaintiff,**

-v-

**JOHN DOE,**

        **Defendant.**

Case Nos. 3:14-cv-448, 3:15-cv-040 and 3:15-cv-114

Judge Thomas M. Rose

## SHOW CAUSE ORDER

Prima facie evidence of copyright infringement must be presented for Plaintiff Malibu Media, LLC ("Malibu") to obtain a Rule 45 subpoena. Malibu currently has three (3) active cases before this Court: no. 3:14-cv-448, no. 3:15-cv-040 and no. 3:15-cv-114. In each of these three (3) active cases, Malibu has presented evidence of copyright infringement by filing a screen shot of each copyright registration (pages from the "Public Catalog" ). However, for some of the copyrights at issue in each of these three (3) cases, the relevant Public Catalog page indicates that the relevant copyright was registered after the date of the alleged infringement. As a result, the Court entered an order for Malibu to show cause as to why these three cases, 3:14-cv-448, 3:15-cv-040 and 3:15-cv-114 should not be dismissed because it has not presented prima facie evidence of ownership of all of the copyrights allegedly infringed.

In response, Malibu submitted a Memorandum stating that the Court should not dismiss Malibu's Complaint because (1) all of Malibu's works are registered with the United States Copyright Office; (2) Malibu is the author of the work and therefore has always been the rightful owner regardless of when the work was registered; and (3) all of Malibu's works were registered

within the first three months of publication. In addition, Malibu asserts that it is entitled to statutory damages and attorneys' fees pursuant to 17 U.S.C. § 412 because all of the works were registered within three months of publication.

Section 412 establishes two conditions, both of which must be met, for an alleged copyright owner to receive statutory damages and attorneys' fees. 17 U.S.C. § 412. First, a copyright must have been preregistered and, second, the effective date of registration must have been not later that the earlier of three (3) months after the first publication of the work or one (1) month after the copyright owner has learned of the infringement. If both of these conditions are met and an infringement occurred after the first publication and before the date of registration, attorneys' fees and statutory damages may be awarded.

In this case, Malibu argues that the registration of the copyrights at issue occurred within three (3) months of the publication of a work and has included copies of the registrations of the works at issue. These copies of the registration indicate that the copyrights at issue were issued within three (3) months of the first publication. However, Malibu has not presented prima facie evidence satisfying the other requirement – that the copyrights at issue were preregistered. Therefore, Malibu has not presented prima facie evidence from which the Court can conclude that Malibu is entitled to attorneys' fees and statutory damages in each alleged instance of infringement.

In Internet infringement cases, Courts have required, among other things, that plaintiff make a concrete showing of a prima facie case of actionable harm before issuing a Rule 45 subpoena. *See Arista Records LLC v. Doe 3*, 604 F.3d 100, 119 (2d 2010). In this case, Malibu has not made a prima facie case of actionable harm on all of the copyrights identified because

Malibu has not met the first condition – prima facie evidence that a copyright was preregistered. Therefore, a Rule 45 subpoena cannot issue and the case cannot proceed.

Therefore, Malibu is given until not later than April 24, 2015, to show cause as to why these three cases, 3:14-cv-448, 3:15-cv-040 and 3:15-cv-114 should not be dismissed because it has not presented prima facie evidence of actionable harm regarding all of the copyrights allegedly infringed.

**DONE** and **ORDERED** in Dayton, Ohio this Fourteenth Day of April, 2015.

                                             **s/Thomas M. Rose**

                                             THOMAS M. ROSE
                                       UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record