**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

```
---------------------------------------------------------------X
                                         :
MALIBU MEDIA, LLC,                       :
                                         :     Civil Action No. 3:15-cv-00114-TMR
                       Plaintiff,        :
                                         :
            vs.                          :
                                         :
JOHN DOE subscriber assigned IP address  :
174.101.190.202,                         :
                                         :
                       Defendant.        :
                                         :
---------------------------------------------------------------X
```

### PLAINTIFF'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER [CM/ECF 7]

Plaintiff respectfully submits the following response to the Court's order to show cause.

On April 14, 2015 the Court issued a second show cause stating: "Malibu has not made a prima facie case of actionable harm on all of the copyrights identified because Malibu has not met the first condition – prima facie evidence that a copyright was preregistered."  CM/ECF 7, *2-3.

Respectfully, Plaintiff submits that preregistration is not a requirement to demonstrate a *prima facie* claim for copyright infringement.  Specifically, all 17 U.S.C. § 412 requires is:

> In any action under this title, … no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
>
> **(2)** any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

Section 412 does have two exceptions to this rule: … (1) "other than an action brought for a violation of the rights of the author under section 106A(a)" and (2) "an action for infringement of the copyright of a work that has been preregistered under section 408(f) before

1

the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c)." *Id*.

The first exception applies when an action for infringement is brought under 17 U.S.C. 106(a) – "Rights of attribution and integrity.--Subject to section 107 and independent of the exclusive rights provided in section 106, the author of a work of visual art--(1) shall have the right--(A) to claim authorship of that work, and(B) to prevent the use of his or her name as the author of any work of visual art which he or she did not create." 17 U.S.C. § 106A.  Here, §106A is not applicable because Plaintiff is not bringing a claim for infringement for a work of visual arts.

The second exception to §412 is for works that are preregistered.  The Copyright Office's Compendium explains the purpose and effect of preregistration.[1]  "Preregistration provides certain copyright owners with the ability to sue for infringement while they are preparing their works for commercial release. The vast majority of works are not eligible for this procedure. Preregistration is primarily intended to address situations where copyrighted works are 'distributed illegally via the Internet before they are even made available for sale to the public [which] severely undercuts the ability of copyright holders to receive fair and adequate compensation for their works." COMPENDIUM, CHAPTER 1600: PREREGISTRATION, 2014 WL 7749591, at *1.

---

[1] The Compendium of U.S. Copyright Office Practices, Third Edition (the "Compendium" or "Third Edition") is the administrative manual of the Register of Copyrights concerning Title 17 of the United States Code and Chapter 37 of the Code of Federal Regulations. It provides instruction to agency staff regarding their statutory duties and provides expert guidance to copyright applicants, practitioners, scholars, the courts, and members of the general public regarding institutional practices and related principles of law. http://copyright.gov/comp3/docs/introduction.pdf

> In cases involving the infringement of a United States work, copyright registration is a prerequisite for filing an infringement action and for seeking an award of statutory damages and attorney's fees. See 17 U.S.C. §§ 101, 411(a), 412. Often, copyright owners do not seek registration until the work has been completed and distributed to the public, which may limit the remedies that may be available in cases involving "prerelease" infringement.

*Id*. citing H.R. REP. NO. 109-33, pt. 1, at 4 (2005), reprinted in, 2005 U.S.C.C.A.N. 220, 223.

"To address this concern, Congress created preregistration — a procedure that allows certain copyright owners to file an action for infringement and seek statutory damages and attorney's fees in cases where the work was infringed before the copyright owner completed the work and released it to the public." *Id*.

"Preregistration is entirely optional, and for the vast majority of copyright owners, it is not useful.  Unlike a registration, a preregistration does not constitute *prima facie* evidence of the validity of the copyright or the facts stated in the application for preregistration or in the notification of preregistration." COMPENDIUM, 2014 WL 7749591, at *6.   "Preregistration is neither a prerequisite nor a precondition for copyright owners who wish to register their works with the Office. In other words, an original work of authorship may be registered regardless of whether that work has been preregistered or not." *Id*.

Here, Plaintiff's works did not need to be preregistered because Plaintiff is not bringing a claim for infringement prior to publication.  Indeed, while some of its copyrights where infringed prior to registration – all were infringed after publication.  *See* Complaint Exhibit B.  Therefore, the only requirement Plaintiff must meet is that "infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412.  Here, all of the works were registered either prior to infringement, or within three months of first publication of the work.

3

For these reasons, Plaintiff respectfully requests the Court find that it has demonstrated a *prima facie* showing of copyright infringement and allow it to serve Defendant's ISP with a Rule 45 subpoena.

Dated: April 24, 2015

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 /s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Yousef M. Faroniya*